UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

LEWIS DEAN GIBSON, a/k/a Dean
Forney,
                    *Defendant-Appellant.*

No. 98-4743

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-310)

Submitted: October 31, 2001

Decided: November 14, 2001

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

## COUNSEL

Allen E. Shoenberger, LOYOLA UNIVERSITY LAW SCHOOL,
Chicago, Illinois, for Appellant. Mark T. Calloway, United States
Attorney, Brian Lee Whisler, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lewis Dean Gibson appeals from his jury conviction and resulting life sentence for conspiracy to possess with intent to distribute and distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 846 (West 1999). We affirm in part, vacate in part, and remand for re-sentencing. Gibson argues on appeal that his conviction and sentence violated the principles of due process in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

To the extent that Gibson argues that under *Apprendi* it was error to increase his sentence for possession of a firearm, a leadership role, and adding criminal history points for a state conviction, when those facts were not charged in the indictment and proved beyond a reasonable doubt, his claims are without merit. *Apprendi* held that, other than a prior conviction, any fact that increases the statutory maximum must be charged in the indictment and proved to a jury beyond a reasonable doubt. 530 U.S. at 490. Because the state offense, which added criminal history points, is a prior conviction, it need not be charged in the indictment.

Sentencing enhancements that do not increase the statutory maximum do not implicate *Apprendi*. *United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). The firearm enhancement, role adjustment, and additional criminal history points did not increase the statutory maximum in Gibson's case. Therefore, no error occurred, and we affirm this part of the sentence.

We find plain error in regard to Gibson's sentence, vacate his sentence, and remand to the district court for re-sentencing. Under *Apprendi*, drug quantity must be treated as an element of an aggravated drug trafficking offense, and failure to charge a specific drug

quantity in the indictment and to submit the quantity issue to the jury constitutes plain error. *United States v. Cotton*, 261 F.3d 397, 403 (4th Cir. 2001) (citing *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc)). Failure to charge drug quantity in the indictment and to submit the issue to the jury also "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" such that we should exercise our discretion to recognize the error. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The district court sentenced Gibson to a term of imprisonment that exceeded the twenty-year maximum penalty provided for a violation of 21 U.S.C.A. § 841(b)(1)(C) (West 1999) based upon an "'identifiable but unspecified quantity'" of cocaine base. *Cotton*, 261 F.3d at 404 (quoting *Promise*, 255 F.3d at 156). By sentencing Gibson to a term greater than twenty years, the district court sentenced Gibson for a crime for which he was neither indicted nor convicted. *See id.* Under *Apprendi*, the "indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." *Id.* (internal quotation omitted). Drug quantity was not noted in Gibson's indictment, the court's jury instructions, or the jury's verdict form. We therefore conclude that under *Cotton*, the district court exceeded its jurisdiction in sentencing Gibson for a crime with which he was never charged or convicted. For that reason, we vacate Gibson's sentence and remand to the district court for re-sentencing in light of *Apprendi* and *Cotton* to a sentence that does not exceed twenty years. We affirm the district court's judgment in all other respects. We grant the Appellant's motion to add an additional volume of the trial transcript and the district court docket sheet to the joint appendix. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*